**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

LUIS D.,

                                                          Civil No. 26-2188 (JRT/DJF)

                           Petitioner,

v.

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*;

TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; and

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*,

                           Respondents.

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Daniel P. Suitor, **DANIEL P. SUITOR, PLLC**, 331 Second Avenue South, Suite 400-3099, Minneapolis, MN 55401, for Petitioner.

Carl Berry and David W. Fuller, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondents.

Petitioner Luis D. was arrested and detained by federal immigration enforcement agents in Minnesota on April 7, 2026.  He petitions for a writ of habeas corpus, arguing that he is being detained unlawfully.  Because the Court concludes that his detention is

unlawful, the Court will grant the petition and order that Petitioner be released from custody.

## BACKGROUND

Luis D. is a Minnesota resident and native of Cuba.  (Pet. Writ of Habeas Corpus ("Pet.") ¶ 16, Apr. 8, 2026, Docket No. 1.)  He has lived in the United States since 2012, when he arrived here as a refugee.  (*Id.* ¶ 24.)  He subsequently obtained lawful permanent resident status.  (*Id.*)  Following several criminal convictions, he was ordered removed in 2016. (*Id.* ¶ 25.)  Petitioner was in detention for approximately 90 days before being released on an order of supervision.  (*Id.* ¶ 26.)

On April 8, 2026, Petitioner "was detained by ICE when they took custody of him from local authorities at the Kandiyohi County Jail."  (*Id.* ¶ 28.)  Petitioner states that "ICE has not formally notified [Petitioner] that it was revoking his order of supervision, nor has ICE identified any change in circumstance to justify revocation of his order of supervision." (*Id.* ¶ 29.)  Respondents state that ICE revoked Petitioner's supervised release on April 7, 2026, by "verbally explain[ing] to [Petitioner] that he had violated the terms of his [supervised release] and he would have the opportunity to have an interview regarding the violations and revocation of [supervised release]."  (Decl. of James L. Van Der Vaart ("Van Der Vaart Decl.") ¶ 19, Apr. 14, 2026, Docket No. 6.).  Then "[o]n April 11, 2026, [Petitioner] was served [a] written Notice of Revocation of Release."  (*Id.* ¶ 20.)

On April 8, 2026, Petitioner filed a petition for a writ of habeas corpus, alleging that his detention violated 8 U.S.C. § 1231, the Fourth and Fifth Amendments of the United States Constitution, and ICE's own regulations.  (Pet. ¶¶ 47–66.)

**DISCUSSION**

The parties agree that 8 U.S.C. § 1231 governs Petitioner's detention because Petitioner is subject to a final order for removal.  The parties' central dispute is whether ICE followed its own regulations in revoking Petitioner's supervised release, arresting, and detaining him.[1]

Where a noncitizen is detained under 8 U.S.C. § 1231(a), the noncitizen's detention is governed by its implementing regulations at 8 C.F.R. § 241.  Under § 241.13, supervised release may be revoked in two circumstances: (1) if the individual violates release conditions, or (2) "if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the [individual] may be removed in the reasonably foreseeable future."  8 C.F.R. § 241.13(i)(1)–(2).  In either case—violation of supervised release or changed circumstances—the regulations require ICE to notify the noncitizen "of the reasons for revocation of his or her release" and to "conduct an initial informal interview promptly after [the noncitizen's] return to [ICE] custody to afford the [noncitizen] an

---

[1] Respondents also assert that the Court lacks jurisdiction to hear this petition, but the Court disagrees, as it has in other cases.  *See, e.g.*, *Bounkieng S. v. Noem*, Civ. No. 26-1830, 2026 WL 776926 (D. Minn. Mar. 18, 2026).

opportunity to respond to the reasons for revocation stated in the notification."  8 C.F.R. § 241.13(i)(3).

It is well-established that "[a]gencies must follow their own regulations." *Saengnakhone S. v. Noem*, Civ. No. 25-4775, 2026 WL 34132, at *3 (D. Minn. Jan. 6, 2026) (citing *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265–68 (1954)).  Here, there is no dispute that Petitioner's re-detention is governed by § 241.13, and that ICE is bound to follow that regulation.  ICE's purported basis for detaining Petitioner is that he violated the terms of his supervised release.  (*See* Van Der Vaart Decl. ¶ 20, Ex. B. (with the boxes checked stating "Your release has been revoked . . . for the following reason(s)" and "You violated a condition of your release").  Respondents argue that ICE complied with § 241.13 in this case when it detained Petitioner because it verbally informed him that his order of supervised release had been revoked, provided him with an informal interview, and then served him with his Notice of Revocation of Release explaining the reasons for his detention over three days later.

Petitioner bears the burden of showing that his detention is unlawful, *see Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025).  However, in this case, Respondents bear the burden under § 241.13 of showing that "changed circumstances" justified the revocation of release and Petitioner's detention.  *See Yee S. v. Bondi*, 806 F. Supp. 3d 894, 900 (D. Minn. 2025); *see also Holger P.A.P. v. Noem*, Civ. No. 26-571, 2026 WL 710663, at *2 (D. Minn. Mar. 13, 2026).

The Court concludes, on the record before it, that Respondents failed to follow their own procedures regarding the revocation of release, and that Petitioner's detention is therefore unlawful.  Section 241.13(i)(3) states that "[u]pon revocation, the [noncitizen] will be notified of the reasons for revocation of his or her release."  Respondents did not provide such notice to Petitioner until after he was arrested, and thus failed to follow § 241.13.  (*See* Van Der Vaart Decl. ¶ 20, Ex. B (noting that the revocation notice was served on April 11, 2026, four days after Petitioner's arrest).)  Moreover, regarding the required informal interview under § 241.13(i)(3), the Notice of Revocation of Release, which is dated April 11, 2026, states that Petitioner "will be afforded an informal interview" on April 9, 2026.  (*Id*.)  Accordingly, any informal interview that was provided to Petitioner could not have complied with ICE's regulations, because Petitioner was not formally provided with the purported reasons for the revocation of his supervised release prior to the informal interview.

In sum, the record demonstrates that ICE failed to follow its own procedures in revoking Petitioner's supervised release.  As it has in other similar cases, the Court will grant the petition for writ of habeas corpus and order that Petitioner be released from custody.  *See, e.g.*, *Bounkieng S. v. Noem*, Civ. No. 26-1830, 2026 WL 776926 at *2 (D. Minn. Mar. 18, 2026).

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Luis D.'s Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

   a. Petitioner shall be released from custody subject to the conditions, if any, in such prior order of supervision.

   b. If Petitioner is being detained outside of Minnesota, Respondents shall **TRANSPORT** Petitioner to Minnesota and **RELEASE** Petitioner from custody immediately.  Petitioner's release in Minnesota must occur **no later than 48 hours after the filing of this Order**.

   c. If Petitioner is being detained in Minnesota, Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

   d. Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon Petitioner's release, they are not left outside in dangerous conditions.  It is preferable to release Petitioner to counsel to ensure humane treatment.

   e. Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents.

   f. The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on May 5, 2026**. Further, the parties shall advise the Court whether any additional

-7-

proceedings in this matter are required and submit any proposals for the

scope of further litigation.


DATED:  April 30, 2026                        _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                        JOHN R. TUNHEIM
                                                  United States District Judge